Francisco GOMEZ, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,*
Respondent.

No. 00–70726.

INS No. A72–113–205.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.**

Decided Sept. 21, 2001.

Before HUG, PREGERSON, and
WARDLAW, Circuit Judges.

MEMORANDUM ***

Francisco Gomez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a.[1] Where the BIA adopts in part the IJ's decision, as here, we review both the BIA's and the IJ's decisions for substantial evidence. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000). We grant the petition.

Gomez testified that he narrowly escaped from guerrillas after they killed two of his fellow civil defense force members who were standing nearby, and that the guerrillas looked for him at his parents' house after the killings. Guerrillas also killed Gomez's uncle, a former civil defense force member, and threatened Gomez a few times. Because neither the IJ nor the BIA made an express adverse credibility

---

\* The court sua sponte changes the caption to reflect that the Immigration and Naturalization Service is the proper respondent. 8 U.S.C. § 1252(b)(3)(A) applies only to removal proceedings initiated on or after April 1, 1997.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

finding, we regard as true Gomez's testimony. *See Singh v. INS,* 94 F.3d 1353, 1356 (9th Cir.1996).

Because this court has held that just one specific verbal threat by guerrillas directed at an individual whose identify and residence are known to the guerrillas is sufficient to create a well-founded fear of persecution, *see Arteaga v. INS,* 836 F.2d 1227, 1232–33 (9th Cir.1988), we conclude that the record compels the conclusion that Gomez is eligible for asylum.

PETITION FOR REVIEW GRANTED.

---

* John Ashcroft is substituted for Janet Reno as Attorney General, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.